UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZHUOHONG LIU,

       *Plaintiff*,

  v.

AMERICAN CHEMICAL SOCIETY,

       *Defendant*.

Civil Action No. 1:18-cv-02987 (CJN)

## MEMORANDUM OPINION

ZhuoHong Liu worked as a senior data analyst at the American Chemical Society ("ACS") from August 12, 2013, until her termination on February 2, 2015. *See generally* Am. Compl., ECF No. 7. She claims that ACS retaliated and discriminated against her on the basis of national origin under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII), and violated the D.C. Human Rights Act, D.C. Code § 2-1401 *et seq.*, and D.C. Accrued Sick and Safe Leave Act, D.C. Code 32-531.02. *See generally* Am. Compl. Because Liu's Title VII claims are time-barred, and because the Court declines to exercise supplemental jurisdiction over her other claims, the Court and grants ACS's Motion to Dismiss in full.

### I.    Background

Liu's work troubles began around July 2014, when a new manager was selected for the ACS IT department. Am. Compl. at 9. As relevant here, Liu, who is Chinese, alleges that her new supervisor, who is Indian, (1) asked her inappropriate questions about "Chinese conduct," *id.*; (2) required her to perform tasks that were not her responsibility, *id.*; (3) gave her unreasonable assignments and deadlines, *id.* at 9–10; (4) denied her requests to work remotely, *id.*; (5) forced her to take more sick leave than necessary, *id.* at 12; (6) made false statements about her

1

performance and use of leave, *id.* at 8–10; and (7) wrongfully terminated her on the basis of those false statements and then hired a less-qualified Indian individual as her replacement, *id.*

In the months leading up to her termination, Liu contacted HR to report her supervisor's allegedly discriminatory conduct. Am. Compl. at 9–11, 13 ("On January 5, 2015, I brought up the discriminating matter for attention [and scheduled a meeting] to discuss the matter of discrimination with HR."). On February 2, 2015, she received her termination letter, which listed "insubordination, abuse of leave policy, and performance problem[s]" as the grounds for her firing. *Id.* at 7.

On January 23, 2016, Liu filed an administrative charge[1] for retaliation and discrimination on the basis of national origin with the D.C. Office of Human Rights ("OHR"). Am. Compl. at 6. The charge was cross-filed with EEOC. *Id.* Liu alleges that "the first concrete evidence available to [her] confirming the discriminatory nature of [ACS's] conduct was in May 2015," when she learned that she had been replaced by "a less qualified individual of Indian national origin." *Id.* at 14. She further claims that ACS did not provide her with its reasons for her termination until May 2018 (which is also when she learned of ACS's "violation of the D.C. Accrued Sick and Safe Leave Act"). *Id.* at 7.

ACS moves to dismiss Liu's Amended Complaint on the grounds that her claims are time-barred because she filed her administrative charge more than 300 days after the complained-of discriminatory or retaliatory acts. *See generally* Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 8-1 ("Def.'s Mem."). Liu responds that her administrative charge was timely because it was filed within 300 days of her claimed discovery in May 2018 of ACS's discriminatory and retaliatory

---

[1] In ruling on the Motion to Dismiss, the Court may consider not only the facts alleged in the Amended Complaint but also documents incorporated by reference into the Complaint, such as the administrative complaint attached to Liu's Response, ECF No. 10.

conduct, or because the 300-day deadline should be equitably tolled. *See generally* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 10 ("Pl.'s Resp.").

## II.   Analysis

"In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[, and] matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), courts assume the veracity of all "well-pleaded factual allegations" in the complaint and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### A.  Title VII Claims

Under Title VII, a complainant must file an administrative charge of discrimination or retaliation with EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). But when a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the unlawful employment practice, she has 300 days to file her administrative charge. *Id.* Because Title VII's administrative exhaustion requirements are not jurisdictional, an employee who misses the 300-day deadline may avoid dismissal if she demonstrates that she qualifies for equitable relief from the deadline by demonstrating "good cause for the procedural failure." *Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir. 2017) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). An employee is entitled to equitable tolling of the 300-day deadline if she demonstrates that (1) she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way. *Id.*

Liu filed her administrative charge on January 23, 2016. Am. Compl. at 14. But the last instance of unlawful conduct she alleges in that charge is her termination on February 2, 2015—

358 days before she filed her charge. *Id.* at 7. Her Title VII claims are therefore untimely unless she alleges some unlawful act against her on or after March 29, 2015, or there is a reason to toll the 300-day deadline.

Liu responds in two ways. First, she argues that ACS committed an unlawful action against her when it hired her replacement in May 2015 (which was less than 300 days before she submitted her administrative charge). Pl.'s Resp. at 3. Second, she contends that the 300-day deadline should be tolled because she did not learn about ACS's discrimination against her until after her firing (when she learned of her replacement in May 2015 and then in 2018 when she discovered ACS's allegedly pretextual reasons for her termination). *Id.* But ACS's hiring of her replacement is not the alleged unlawful action Liu complains of—the conduct at issue here is the alleged discrimination and retaliation Liu experienced up until the time of her termination in February 2015. And as for her tolling argument, Liu does not allege that she was unaware of possible unlawful conduct before those later events—in fact, Liu clearly thought that ACS was acting unlawfully before she was fired, as evidenced by the fact that she repeatedly reported suspected discrimination to HR in the months preceding her termination, *see* Am. Compl. at 10–13, as well as the fact that she submitted her administrative charge well before May 2018. If a complainant's Title VII claims were revived whenever she learned additional facts about the alleged unlawful conduct, any Title VII case could be potentially revived by civil discovery. *Cf. Drielak v. Pruitt*, 890 F.3d 297, 299 n. 2 (D.C. Cir. 2018) (45-day period to contact EEO begins when employee had "reasonable suspicion" of discrimination). Because Liu has failed to show that any "extraordinary circumstance[s]" stood in the way of her filing an administrative complaint, *Niskey*, 859 F.3d at 7, tolling is unwarranted. The Court therefore dismisses Liu's Title VII claims as they are time-barred.

### B. D.C. Leave Act and D.C. Human Rights Act Claims

Liu also brings claims under the D.C. Human Rights Act ("DCHRA") and D.C. Accrued Sick and Safe Leave Act. *See generally* Am. Compl. District courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. 28 U.S.C. § 1367(a). When the Court has dismissed all claims over which is has original jurisdiction, it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995); *Dyson v. Dist. of Columbia*, 808 F. Supp. 2d 84, 88–89 (D.D.C. 2011). Because the federal claims in this case have been dismissed, the Court no longer has original jurisdiction over the case and will decline to exercise supplemental jurisdiction over the DCHRA and D.C. Leave Act claims.

### III. Conclusion

Liu's Title VII claims are time-barred because she filed her administrative charge more than 300 days after the alleged unlawful conduct. She has not demonstrated that equitable tolling of the deadline is warranted. The Court therefore dismisses her Title VII claims, declines to exercise supplemental jurisdiction over the alleged D.C. Code violations, and grants ACS's Motion to Dismiss in full. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: March 31, 2021

CARL J. NICHOLS
United States District Judge